## AFFIDAVIT IN SUPPORT OF APPLICATION FOR
## CRIMINAL COMPLAINT AND SEARCH WARRANTS

I, Special Agent Eric Mercer, being duly sworn, state the following:

### INTRODUCTION AND AGENT BACKGROUND

1.   I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives

("ATF") and have worked there since January 2020. I am currently assigned to the

Bridgewater, Massachusetts, Field Office.  Prior to my employment with the ATF, I was

employed as a Trooper with the New Hampshire State Police from 2018 to 2020. As an

ATF Special Agent, I have training and experience regarding investigations involving

firearms and narcotics trafficking and the possession of firearms by prohibited persons,

including felons, gang members, parolees, narcotics users and narcotics traffickers.  As a

result of my training and experience, I am familiar with methods commonly utilized by

firearms and narcotics traffickers in conducting their business.

2.   I have participated in various aspects of firearms and narcotics investigations, including

physical surveillance, surveillance of controlled purchases involving undercover agents

and/or cooperating witnesses, the introduction of undercover agents, the execution of

search warrants, the effecting of arrests, and the debriefing of defendants, informants,

and witnesses who had personal knowledge regarding firearms and narcotics trafficking

organizations. I am a federal law enforcement officer within the meaning of Federal Rule

of Criminal Procedure 42(a)(2)(C), that is, a government agent engaged in enforcing the

criminal laws.

1

25-MJ-6595-MPK
25-MJ-6596-MPK
25-MJ-6597-MPK

## SUMMARY AND PURPOSE OF AFFIDAVIT

3.   On

May 29, 2025, the cooperating witness also made a controlled purchase of crack-cocaine

from Antonio DOSSANTOS-TIRADO (YOB 1990).  As a result, and as described in more

detail below, there is probable cause to believe that COLON-TIRADO committed the

crimes of (i) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), on

June 10, 2025; and (ii) distribution and possession with intent to distribute 40 grams or

more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-

phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl), in violation of 21

U.S.C. § 841(a)(1) and (b)(1)(B)(vi),                              .[1] In addition,

there is probable cause to believe that DOSSANTOS-TIRADO committed the crime of

distribution of 28 grams or more of a mixture or substance containing a detectable amount



25-MJ-6595-MPK
25-MJ-6596-MPK
25-MJ-6597-MPK

of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), on May 29, 2025.

I, therefore, submit this affidavit in support of an application for a criminal complaint.

4. ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

5. The facts in this affidavit come from my personal observations, my training and experience, records and reports, and information obtained from other investigators and witnesses, and the recordings generated during the investigation. This affidavit is intended to show that there is probable cause to support the requested complaints and warrants and does not set forth all my knowledge about this matter.

## THE DRUG AND FIREARM BUYS FROM COLON-TIRADO AND DOSSANTOS-TIRADO

6. Since at least May 2025, the ATF Bridgewater Field Office, in conjunction with state and local law enforcement, has conducted a drug trafficking investigation involving Wilson COLON-TIRADO and Antonio DOSSANTOS-TIRADO. During this investigation, a cooperating witness (CW-1) informed investigators that COLON-TIRADO and DOSSANTOS-TIRADO were involved in drug trafficking in Fall River, MA[2].

---

[2] CW-1's identity is known to investigators, but it is not being disclosed because of a concern for his/her safety. CW-1 has previously proven accurate and reliable by providing information and assisting with investigations into criminal violations. For example, CW-1 has provided information about criminal activity that was not publicly known that investigators have corroborated with multiple sources of information. The ATF has paid CW-1 in connection with his/her assistance in this and other investigations. The information provided by CW-1 has been

7. According to his Massachusetts Board of Probation Record, COLON-TIRADO has at least 32 criminal convictions, including a 2021 conviction for Trafficking a Controlled Substance (Cocaine) from the Bristol Superior Court, for which COLON-TIRADO was sentenced to a state prison sentence of 2-3 years. *See* Docket No. 2073CR00073. DOSSANTOS-TIRADO was convicted in 2013 for Trafficking a Controlled Substance (Heroin) in the Plymouth Superior Court and received a sentence of 5 years to 5 years and 1 day. *See* 1215CR00164001.

### May 29, 2025 – Controlled Purchase of Crack-Cocaine from DOSSANTOS-TIRADO

8. On May 28, 2025, at the direction of investigators, CW-1 contacted DOSSANTOS-TIRADO at the phone number 857-201-6457 and arranged to purchase two ounces (approximately 56 grams) of crack-cocaine. CW-1 informed investigators that DOSSANTOS-TIRADO agreed to sell CW-1 two ounces of crack-cocaine on the following day for $2,000. CW-1 informed investigators that DOSSANTOS-TIRADO indicated that they would meet with "Wicho" to acquire the drugs. CW-1 has known both DOSSANTOS-TIRADO and COLON-TIRADO for several years. CW-1 advised agents that COLON-TIRADO frequently utilizes the street name "Wicho."

9. For this buy, and all subsequent buys, CW-1 was equipped with audio/video recording equipment and a transmitter so that law enforcement could record and monitor the transaction. CW-1 was provided with a specific amount of official government to make

---

corroborated by the audio/video recordings of the controlled buys and surveillance of the meetings with COLON-TIRADO and DOSSANTOS-TIRADO described in this affidavit. CW-1 has a criminal record with numerous adult arraignments in the Commonwealth of Massachusetts, including convictions for property/theft, drug, and A&B/abuse prevention act offenses. CW-1 is a self-admitted former addict and former user of multiple drugs.

the purchase and was directed to make the purchase. Law enforcement searched CW-1 and the undercover (U/C) vehicle and/or CW-1's vehicle, before and after the buy for currency and contraband with negative results. Law enforcement surveilled the meeting and CW-1's travel to and from the meeting.[3]

10. On May 29, 2025, investigators met with CW-1 at a pre-determined location to conduct a pre-operational briefing. CW-1 informed investigators that DOSSANTOS-TIRADO directed him/her to meet at 245 Sunset Hill in Fall River, MA. This address is in the Sunset Hill housing development in southern Fall River.  According to the Fall River Housing Authority, the Sunset Hill development contains 354 apartments. The TARGET LOCATION is also located within Sunset Hill, in a building containing units numbered 232 through 243. Based on my training and experience, as well as the collective experience of other law enforcement officers involved in drug trafficking investigations, drug traffickers will often provide customers with an address located nearby their residences and/or stash locations to conceal the actual address(es) of their residences and/or stash locations.

11. Investigators maintained surveillance of CW-1 from the pre-determined location to the Sunset Hill housing development. Upon arrival, CW-1 parked the U/C vehicle in a lot located on Charles Street, which is northwest of the TARGET LOCATION. CW-1 subsequently exited the U/C vehicle and walked towards the building containing units 232-243. Shortly thereafter, DOSSANTOS-TIRADO and an unidentified female, walked towards CW-1. CW-1 engaged DOSSANTOS-TIRADO in conversation and

---

[3] The description of this and all subsequent transactions is based upon investigators' personal observations, information from CW-1 transmitted live or during a subsequent debrief, and from review of the audio/video recording generated after the transaction.

DOSSANTOS-TIRADO directed CW-1 into a rear common entry door, labeled "241" and "242." The TARGET LOCATION is Apartment #241 and the rear (westward facing) doors access a common area where the TARGET LOCATION and Apartment #242 can be accessed. While inside of the doorway, DOSSANTOS-TIRADO handed CW-1 two plastic bags containing crack-cocaine. CW-1 provided DOSSANTOS-TIRADO $2,000 in exchange for the drugs. CW-1 walked back to the U/C vehicle and departed the Sunset Hill housing development.

12. Investigators maintained surveillance of CW-1 from the Sunset Hill housing development to the pre-determined location. CW-1 provided investigators with two plastic bags containing crack-cocaine. The drug evidence was submitted to the Drug Enforcement Administration (DEA) laboratory for analysis, which determined that the bags contain a mixture or substance containing a detectable amount of cocaine base (also known as crack-cocaine) weighing 55.1 grams. Below are still images from the audio-video recording, depicting DOSSANTOS-TIRADO greeting CW-1 and later holding the crack-cocaine and appearing to sniff it. On the audio/video, DOSSANTOS-TIRADO can be heard stating that CW-1's customers "were going to love this shit."









25-MJ-6595-MPK
25-MJ-6596-MPK

25-MJ-6595-MPK
25-MJ-6596-MPK



25-MJ-6595-MPK



25-MJ-6595-MPK
25-MJ-6596-MPK







25-MJ-6595-MPK



25-MJ-6595-MPK



25-MJ-6595-MPK
25-MJ-6596-MPK



25-MJ-6595-MPK
25-MJ-6596-MPK

25-MJ-6595-MPK
25-MJ-6596-MPK

5

25-MJ-6595-MPK
25-MJ-6596-MPK



25-MJ-6595-MPK
25-MJ-6596-MPK





25-MJ-6595-MPK
25-MJ-6596-MPK



25-MJ-6595-MPK
25-MJ-6596-MPK





25-MJ-6595-MPK
25-MJ-6596-MPK



25-MJ-6595-MPK
25-MJ-6596-MPK







25-MJ-6595-MPK



25-MJ-6595-MPK
25-MJ-6596-MPK

25-MJ-6595-MPK
25-MJ-6596-MPK
25-MJ-6597-MPK

## **CONCLUSION**

78. ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████

79. In addition, there is probable cause to believe that COLON-TIRADO committed the crimes of (i) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), on June 10, 2025, and (ii) distribution of 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi) on June 17, 2025 and August 6, 2025. In addition, there is probable cause to believe that DOSSANTOS-TIRADO committed the crime of distribution of 28 grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) on May 29, 2025.

I declare that the foregoing is true and correct.

_____
Eric Mercer
Special Agent, ATF

Attested to by the applicant by telephone in accordance with
the requirements of Fed. R. Crim. P. 4.1 by

HON. M. PAGE KELLEY
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MASSACHUSETTS

on this _____ day of October 2025.